OPINION
{¶ 1} Defendant-appellant, Auto-Owners Insurance Company, appeals from a judgment of the Franklin County Court of Common Pleas granting in part and denying in part defendant's summary judgment motion. Because defendant is entitled to summary judgment on plaintiffs' claims against it, we reverse.
 {¶ 2} On November 11, 2001, plaintiffs-appellees, Chris E. Adams, Individually, and as Administrator of the Estate of Jeremy D. Adams, Rick Adams, and Crystal Adams, filed a complaint, and later an amended complaint, in the trial court arising out of an auto accident on September 23, 2000, in which Jeremy, a passenger in a car Greg Osterman was driving, was killed on his way home from work. Plaintiffs' complaint sought damages for wrongful death, survivorship, and loss of consortium, as well as declaratory judgment against various identified and "John Doe" insurance companies.
 {¶ 3} On October 15, 2002, defendant filed a summary judgment motion, contending that none of the plaintiffs were entitled to benefits under the policy defendant issued to the decedent's employer ("policy"). Specifically, in its motion, defendant noted that neither Jeremy nor any of the plaintiffs were named insureds under the policy. Nonetheless, defendant conceded that, according to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, Jeremy, as an employee of the named insured, was an insured under the policy. Defendant, however, asserted Chris Adams, Rick Adams, and Crystal Adams, were not employees of the named insured, and Ezawa v. Yasada Fire and Marine Ins. Co. ofAmerica (1999), 86 Ohio St.3d 557 did not bring them within the umbrella of insureds under the policy. Lastly, defendant contended that, even though Jeremy was an insured, the estate was not entitled to coverage because Jeremy was not in a vehicle that qualified as a "covered auto" as that term is defined in the policy.
 {¶ 4} After the parties fully briefed the motion, the trial court issued its decision, granting in part and denying in part defendant's summary judgment motion. Specifically, the trial court concluded that, pursuant to Scott-Pontzer, Jeremy, as an employee of the named insured, was an insured "for the purpose of recovering underinsured motorist benefits under the Auto-Owners Policy." (Decision, 6.) The trial court, however, concluded Chris Adams, Rick Adams, and Crystal Adams are not insureds under the policy and are "not entitled to individually recover underinsured motorist benefits as a result of the accident that resulted in the death of Jeremy Adams." (Decision, 7-8.)
 {¶ 5} Following plaintiffs' dismissal of other insurance companies named as defendants, the matter went to trial against defendant. The jury rendered its verdict in favor of the decedent's estate (hereinafter "plaintiff"), concluding Jeremy was 30 percent negligent and Gregory Osterman was 70 percent negligent. On May 9, 2003, the trial court entered final judgment on the jury verdict, awarding plaintiff $212,652.30, minus settlement offsets in the amount of $100,000, for a net of $112,652.30, with prejudgment interest at the rate of 10 percent per annum accruing from June 12, 2001 to the date of the judgment entry, and post-judgment interest at the rate of 10 percent accruing from the date of the judgment entry. Defendant appeals, assigning the following errors:
Assignment of Error 1:
The trial court erred in finding that the Estate of Jeremy Adams is an insured and entitled to recover UIM coverage under the Auto-Owners policy.
Assignment of Error 2:
The trial court erred in denying Auto-Owners' Motion In Limine and overruling Auto-Owners' Objections during the course of the trial regarding the testimony of Plaintiffs' expert on the issue of loss of support from anticipated wage loss and prospective inheritance and instructing the jury that it could award damages for anticipated wage loss and prospective inheritance.
Assignment of Error 3:
The trial court erred in overruling Auto-Owners' Motion for Directed Verdict with respect to Plaintiffs' survivorship claim due to the insufficiency of the evidence presented with respect to pain and suffering.
Assignment of Error 4:
The trial court erred in awarding prejudgment interest from June 12, 2001, the date that Appellee's claim for UIM coverage was denied.
 {¶ 6} Defendant's first assignment of error asserts the trial court erred in concluding plaintiff is entitled to recover underinsured benefits under the policy. Although defendant conceded in the trial court that Jeremy was an insured under the policy pursuant to Scott-Pontzer, defendant asserts on appeal that "being an insured does not automatically entitle the claimant to recover underinsured benefits." (Appellant's brief, 8.)
 {¶ 7} Subsequent to the proceedings in the trial court and the parties' filing appellate briefs, the Supreme Court decidedWestfield Insurance Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, which limited Scott-Pontzer by holding that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. [1999],85 Ohio St.3d 660, 710 N.E.2d 1116, limited)." Galatis, at paragraph two of the syllabus. Pursuant to the syllabus language ofGalatis, Jeremy is not an insured under the policy, as the accident did not occur in the scope of Jeremy's employment.
 {¶ 8} Plaintiff, however, contends Galatis should not be applied retrospectively. Plaintiff recognizes the general principle that a Supreme Court decision does not declare the former law to be bad law; rather, the former law was not the law. See Peerless Electric Co v. Bowers (1955), 164 Ohio St. 209,210. Plaintiff nonetheless contends Peerless is not without exceptions. Gooding v. National Fire Ins. Co. of Hartford, Stark App. No. 2003CA00199, 2004-Ohio-693, at ¶ 21-27.
 {¶ 9} The Supreme Court, however, has applied Galatis
retrospectively. In Morrison v. Emerson (2003),100 Ohio St.3d 302, 307, the court applied Galatis to a December 13, 2001 accident. Because the accident occurred more than two years afterScott-Pontzer was determined, the parties to the contract arguably relied on Scott-Pontzer in determining their rights under defendant's policy. See Wolfe v. Wolfe (2000),88 Ohio St.3d 246 (holding "that, pursuant to R.C. 3937.31[A], every automobile liability insurance policy issued in this state, must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39 * * * [and] that the commencement of each policy period mandated by R.C. 3937.31[A] brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy"). Without an articulated analysis, the Supreme Court retrospectively applied Galatis with the result that the plaintiffs in that case were not insured under the policy because the accident did not occur in the course and scope of employment with the insured employer.
 {¶ 10} Although the Supreme Court's rationale for applyingGalatis retrospectively was not articulated, we note that inFinneran v. Bestor (Nov. 2, 1995), Cuyahoga App. No. 68774, the court recognized a "general exception to the rule of retrospective operation of decisional law * * * where contractual rights have arisen or vested rights have been acquired under the prior decision." (Citations omitted.) The court, however, observed that such "exception has not been recognized * * * in insurance cases where the parties are relying upon R.C. 3937.18." Id., citing Nationwide Ins. Co. v. Tobler (1992),80 Ohio App.3d 560, 569. Quoting Tobler, Bestor explained: "We do not find that this exception applies since the contractual rights of the parties were always subject to the provisions of R.C. 3937.18
and the policies underlying it. Nationwide's claim that because insurance policies involve contractual rights, Supreme Court decisions could never be applied retroactively in insurance cases is erroneous. See Blackburn v. Hamoudi (Feb. 8, 1991), Franklin App. No. 89AP-1102, unreported, 1991 WL 161137; Nationwide Mut.Ins. Co. v. Zeiter (Dec. 10, 1990), Seneca App. Nos. 13-89-27 and 13-89-28, unreported, 1990 WL 197918." Given the Supreme Court's retrospective application of Galatis, and the foregoing authority, we apply Galatis retrospectively here, with the result that Jeremy was not an insured because he was not in the course and scope of his employment at the time of the accident.
 {¶ 11} Accordingly, we sustain defendant's first assignment of error, rendering moot its second, third and fourth assignments of error. Having sustained defendant's first assignment of error, we reverse the judgment of the trial court and remand with instructions to enter judgment for defendant.
Judgment reversed and cause remanded with instructions.
Brown and Watson, JJ., concur.