DECISION
{¶ 1} Plaintiff-appellant, Angel Reinhart, appeals from the June 3, 2003 decision and June 16, 2003 entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Citizens Insurance Company ("Citizens"), ACE Fire and Underwriters Insurance Company ("ACE"), and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). For the reasons that follow, we affirm.
 {¶ 2} On April 30, 1999, at approximately 11:15 p.m., appellant was injured when an uninsured motorist, James M. Mayes, allegedly went left of center and struck the vehicle appellant was driving. Appellant was coming from a friend's house to drop clothes off. Based on appellant's deposition testimony, it is clear that she was not in the course and scope of her employment with Blackburn Chimney Sweep, Inc. ("Blackburn"). (Depo., of Angel Reinhart, 11, 13, 15.) Appellant was driving a vehicle registered to her father, Frederick Reinhart, who was employed by Buckeye Steel Castings, a division of Buckeye Holdings, Inc. ("Buckeye Holdings"). Appellant filed an uninsured/underinsured motorists ("UIM") claim with her father's personal insurer, United Ohio Insurance Company ("United Ohio"). Appellant also filed UIM claims based on Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557, with Citizens, who issued a business auto and an umbrella policy to her employer Blackburn, with ACE, who issued a business auto policy to appellant's father's employer, Buckeye Holdings, and with National Union, who issued a commercial umbrella policy to Buckeye Holdings.
 {¶ 3} Appellant brought an action against Mayes and the various UIM carriers on April 4, 2002. The parties filed motions for summary judgment on the coverage issues involved. On June 3, 2003, the trial court granted summary judgment in favor of appellant and against United Ohio, but denied appellant's motions for summary judgment against the remaining carriers and granted summary judgment in favor of Citzens, ACE, and National Union. This appeal followed.
 {¶ 4} On appeal, appellant has assigned the following as error:
Assignment of Error No. 1:
The trial court committed reversible error when it granted summary judgment in favor of Citizens on the grounds that Angel Reinhart was not occupying a "Covered Auto" at the time of her motor vehicle accident.
Assignment of Error No. 2:
The trial court committed reversible error when it declared Angel Reinhart was not an insured under Citizens umbrella policy.
Assignment of Error No. 3:
The trial court's finding that UIM coverage was excluded pursuant to the "Anti-Stacking" provision of the ACE USA Business Auto Policy was erroneous.
Assignment of Error No. 4:
The trial court's finding that Angel Reinhart was precluded from UIM coverage under the National Union Umbrella Policy was in error.
 {¶ 5} After the parties had filed their briefs in this case, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. The Ohio Supreme Court's decision limited the holding of Scott-Pontzer, and overruledEzawa. In pertinent part, the court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist (UM/UIM) coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id., at paragraph two of the syllabus. Paragraph three of the syllabus reads, "[w]here a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured[.]"
 {¶ 6} Thus, pursuant to Galatis, appellant is not entitled to coverage under her employer's business auto or umbrella policies, and she is not entitled to coverage under her father's employer's business auto and umbrella policies.
 {¶ 7} In supplemental briefing, appellant argues the rule announced in Galatis should not be applied to actions presently pending in Ohio courts. We disagree.
 {¶ 8} The Supreme Court of Ohio and this court have appliedGalatis retrospectively. In re Uninsured UnderinsuredMotorist Coverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888;Adams v. Osterman, Franklin App. No. 03AP-547, 2004-Ohio-1412. Therefore, based on the authority of Galatis and cases applyingGalatis retrospectively, we affirm the trial court's grant of summary judgment in favor of Citzens, ACE, and National Union.
 {¶ 9} Appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Sadler, JJ., concur.