DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas. The following facts are material to a disposition of this cause.
 {¶ 2} On May 17, 1999, appellee, Tammy Collins, was injured in a motor vehicle collision caused by an uninsured tortfeasor, Victor Lopez. At the time of the collision,
 {¶ 3} Tammy was driving her personal automobile. Subsequently, Tammy and her husband, appellee, Robert Collins, instituted the instant action against, inter alia, the tortfeasor and appellant, Auto-Owners Insurance Company ("Auto-Owners").
 {¶ 4} Appellees claimed that they were entitled to uninsured/underinsured motorist ("UM/UIM") coverage under the commercial motor vehicle liability policy issued to Robert's employer, Marion General Hospital, by Auto-Owners. The trial court agreed and, based upon the holdings in Scott-Pontzer v. Liberty Mut. Ins. Co., (1999),85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Ins. Co. of Am.
(1999), 86 Ohio St.3d 55, granted appellees' motion for summary judgment on this question.
 {¶ 5} After a jury trial on the issue of damages, Tammy Collins was awarded a judgment of $45,457.98 against Auto-Owners and Victor Lopez. Robert Collins was awarded a judgment in the amount of $12,500 against Auto-Owners and Lopez. The trial court subsequently granted appellees' motion for prejudgment interest. Auto-Owners was ordered to pay Tammy Collins $17,629.20 in prejudgment interest and to pay Robert Collins $4,842.72 in prejudgment interest.
 {¶ 6} Auto-Owners appeals, and asserts the following assignments of error:
 {¶ 7} "A. The court below erred to the prejudice of appellant by determining that appellant was obligated to provide UIM coverage pursuant to Scott-Pontzer v. Liberty Mut. Ins. Co., and Ezawa v. YasudaManufacturing Co. [sic] because the UIM endorsement provisions of appellant's policy does not utilize the term `you' to provide for such coverage, and such endorsement is not ambiguous."
 {¶ 8} "B. Although appellant asserts that this matter should be fully disposed of on the above assignment of error, due to the unambiguous terms and conditions of the policy, in the alternative, the court below erred to the prejudice of appellant by failing to interpret the word `you' consistently throughout the policy, and by failing to determine that even if appellees' claims were within the insuring agreement, they were excluded under the terms in the uninsured motorist endorsement, specifically Exclusion A."
 {¶ 9} "C. The court below erred to the prejudice of appellant by awarding its judgment for prejudgment interest."
 {¶ 10} For the following reason, we reverse the judgment of the trial court.
 {¶ 11} Appellees and the trial court relied solely on Scott-Pontzer
and Ezawa, for the proposition that Tammy and Robert Collins were insureds for the purposes of UM/UIM coverage under the Auto-Owners policy. However, Scott-Pontzer was limited and Ezawa was overruled, by a recent case decided by the Ohio Supreme Court. See Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849.
 {¶ 12} In Galatis, at the syllabus, the Ohio Supreme Court held:
 {¶ 13} "2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mutual InsuranceCompany, (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)
 {¶ 14} "3. Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to the family member of an employee of a corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Co. of Am. [1999],86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)"
 {¶ 15} In addition, the Supreme court denied the numerous motions for reconsideration of the Galatis holdings. See Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 1548, 2003-Ohio-6879; In re Uninsured Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 16} Here, it is undisputed that the collision in the present case did not involve an employee, Robert Collins, who was acting within the scope of his employment for Marion General Hospital. Moreover, Tammy Collins is not a named insured in the Auto-Owners policy. As a result, neither Tammy nor any Robert is afforded UM/UIM coverage under this commercial policy. Therefore, we need not address the individual assignments of error asserted by appellant. Accord, Adams v. Osterman,
10th Dist. No. 03AP-547, 2004-Ohio-1412 (applying Galatis in an appeal of a jury verdict and an award of prejudgment interest to the plaintiff).
 {¶ 17} On consideration whereof, the judgment of the Huron County Court of Common Pleas is reversed. The costs of this appeal are assessed to appellees.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., Judith Ann Lanzinger,J., Concur.