OPINION
{¶ 1} Plaintiff-appellant, Mark Pollard (hereinafter "appellant"), appeals from the decision and entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, St. Paul Mercury Insurance Company (hereinafter "appellee"). For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} On June 1, 2002, Rosa Robinson (hereinafter "Robinson"), operated a vehicle and struck appellant while he was walking east across Stelzer Road, Columbus, Ohio. Robinson was an underinsured motorist.
 {¶ 3} At the time of the accident, Continental Office Furniture (hereinafter "Continental") employed appellant. However, appellant was not in the course and scope of his employment when Robinson struck him.
 {¶ 4} Appellant insured Continental under a package policy, which included commercial auto coverage, commercial general liability coverage, and umbrella excess liability protection, for the period January 1, 2002 to January 1, 2003.
 {¶ 5} On January 23, 2003, appellant filed an underinsured motorist claim based on Scott-Pontzer v. Liberty Mut. Fire Ins.Co. (1999), 86 Ohio St.3d 660. The trial court subsequently granted summary judgment in favor of appellee against appellant.
 {¶ 6} Appellant timely appeals and asserts the following assignments of error:
[1.] The Trial Court Below Erred To The Prejudice Of The Plaintiff-Appellant By Holding That Westfield Ins. Cos. v.Galatis, 100 Ohio St.3d 216, 797 N.E.2d 1256 (2003), Applied Retroactively To This Case.
[2.] The Trial Court Below Erred To The Prejudice Of The Plaintiff-Appellant By Failing To Hold That He Was Entitled ByScott-Pontzer v. Liberty Mut. Ins. Co., 85 Ohio St.3d 660,710 N.E.2d 1116 (1999), Or Its Predecessors To Underinsured/Uninsured Motorist Coverage From The Automobile Insurance Policy That Defendant-Appellee Issued To His Employer.
[3.] The Trial Court Below Erred To The Prejudice Of The Plaintiff-Appellant By Failing To Hold That He Was Entitled ByLinko v. Indemnity Ins. Co. Of N. Am., 90 Ohio St.3d 445,739 N.E.2d 338 (2000), To Underinsured/Uninsured Motorist Coverage From the Automobile Insurance Policy That Defendant-Appellee Issued To His Employer.
 {¶ 7} After this matter was filed with the trial court, but prior to the trial court's summary judgment decision, the Supreme Court of Ohio decided Westfield Ins. Co. v. Galatis (2003),100 Ohio St.3d 216, The Galatis, decision limited the holding ofScott-Pontzer, stating "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis,
paragraph two of the syllabus.
 {¶ 8} As previously stated, appellant was not in the course and scope of his employment at the time of the accident. Accordingly, pursuant to Galatis, supra, he is not entitled to coverage under Continental's insurance policies.
 {¶ 9} Moreover, appellant's argument that Galatis, cannot be applied retrospectively to this case is misplaced. The Supreme Court of Ohio and this court previously applied Galatis, supra, retrospectively. In re Uninsured Underinsured MotoristCoverage Cases (2003), 100 Ohio St.3d 302, 2003-Ohio-5888;Reinhart v. Mayes, Franklin App. No. 03AP-707, 2004-Ohio-2527;Adams v. Osterman, Franklin App. No. 03AP-547, 2004-Ohio-1412. Therefore, the trial court did not err in applying Galatis to this matter and granting summary judgment in favor of appellee.
 {¶ 10} Accordingly, appellant's first, second and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Klatt, JJ., concur.