OPINION
{¶ 1} Plaintiffs-appellants, William H. Schaefer, individually and as administrator of the estate of Sarah E. Schaefer, and Jane M. Schaefer appeal from a judgment of the Franklin County Court of Common Pleas granting defendant-appellee Nationwide Insurance Company's ("Nationwide") motion for summary judgment and denying plaintiffs' motion for partial summary judgment. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} The following facts are undisputed by the parties. On June 3, 2000, 17year-old Sarah E. Schaefer, daughter of plaintiffs William H. Schaefer and Jane M. Schaefer, was killed in an automobile collision that occurred in Jefferson County, Ohio. Sarah was a passenger in an automobile driven by Kristy N. Miller, which was struck by an automobile driven by Joshua J. McLaren. The automobile driven by Kristy Miller was owned by Melvin B. Miller.
 {¶ 3} On April 12, 2002, plaintiffs filed a declaratory judgment action against Nationwide in the Jefferson County Court of Common Pleas. On April 22, 2002, plaintiffs voluntarily dismissed the case pursuant to Civ.R. 41. Subsequently, on May 3, 2002, plaintiffs filed the declaratory judgment action against Nationwide in the Franklin County Court of Common Pleas. Plaintiffs alleged entitlement to UM/UIM coverage under insurance policies issued by Nationwide to Edison Local School District ("Edison").
 {¶ 4} On February 18, 2003, Nationwide filed a motion for summary judgment. On February 20, 2003, plaintiffs filed a motion for partial summary judgment. On March 31, 2003, Nationwide filed a motion to dismiss, arguing that the trial court lacked subject-matter jurisdiction based upon the jurisdictional priority rule. On April 14, 2003, plaintiffs filed a memorandum contra to Nationwide's motion to dismiss filed March 31, 2003. In said memorandum, plaintiffs argued that the Franklin County Court of Common Pleas had subject-matter jurisdiction.
 {¶ 5} On December 2, 2003, the trial court issued a decision granting Nationwide's February 18, 2003 motion for summary judgment and denying plaintiffs' motion for partial summary judgment. In reaching its decision, the trial court relied upon the then recently decided case, Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. The trial court did not directly rule upon Nationwide's motion to dismiss. On December 18, 2003, the trial court issued a judgment entry granting Nationwide's motion for summary judgment and denying plaintiffs' motion for partial summary judgment.
 {¶ 6} Plaintiffs timely appeal from this judgment and assert the following assignments of error:
Assignment of Error No. 1
The trial court erred by ruling on the cross motions for summary judgment and dismissing the action without first ruling on the pending motion to dismiss and determining if it had subject matter jurisdiction over the case.
Assignment of Error No. 2
It was error for the trial court to apply Galatis
retroactively to the pending action.
Assignment of Error No. 3
 Galatis was incorrectly decided and should be overruled and not applied to this case.
 {¶ 7} In their first assignment of error, plaintiffs argue that the trial court erred in granting summary judgment for Nationwide without ruling upon the motion to dismiss. Thus, plaintiffs essentially contend that the trial court erred procedurally by not ruling upon Nationwide's March 31, 2003 motion for dismissal, which argued that the trial court lacked subject-matter jurisdiction. According to plaintiffs, this court must remand this matter to the trial court for a decision on the motion to dismiss. Interestingly, in the trial court, plaintiffs filed a memorandum contra the motion to dismiss, arguing that the trial court did have subject-matter jurisdiction.
 {¶ 8} Generally, when a court does not rule upon a motion, it is deemed to be overruled. Muncy v. American Select Ins. Co.
(1998), 129 Ohio App.3d 1, 5. Here, by granting Nationwide's motion for summary judgment, the trial court effectively denied Nationwide's motion for dismissal that was based on Nationwide's argument that the trial court lacked subject-matter jurisdiction. The trial court could not have granted Nationwide's motion for summary judgment if it lacked subject-matter jurisdiction. Therefore, contrary to plaintiffs' assignment of error, the trial court effectively denied Nationwide's March 31, 2003 motion. Moreover, this denial was consistent with plaintiffs' position regarding the disputed issue.
 {¶ 9} Based on the foregoing, we overrule plaintiffs' first assignment of error.
 {¶ 10} In their second assignment of error, plaintiffs assert that the trial court improperly granted summary judgment in favor of Nationwide because it erroneously applied Galatis
retroactively. Regarding this issue, we note that appellate review of summary judgment motions is conducted under a de novo standard. Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 11} Plaintiffs outline various reasons why, in their view,Galatis should not be applied retroactively. In Boerger v.Davis, Franklin App. No. 03AP-805, 2004-Ohio-3882, at ¶ 16, this court recognized that "numerous courts have considered arguments regarding retroactive application of Galatis and such arguments have been consistently rejected." Thus, in accord with the Supreme Court of Ohio, this court has found that Galatis
applies retroactively. See In re Uninsured UnderinsuredMotorist Coverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888;Pollard v. St. Paul Mercury Ins. Co., Franklin App. No. 04AP-106, at ¶ 9; Adams v. Osterman, Franklin App. No. 03AP-547, 2004-Ohio-1412, at ¶ 10.
 {¶ 12} Moreover, the trial court did not err in its application of Galatis to the facts of this case. In Galatis,
at paragraph two of the syllabus, the Supreme Court of Ohio limited Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, when it held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. * * *" The court also overruled Ezawa v. Yasuda Fire Marine Ins. Co. ofAmerica (1999), 86 Ohio St.3d 557, when it held that "[w]here a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Galatis, at paragraph three of the syllabus.
 {¶ 13} In the case at bar, plaintiffs have claimed UM/UIM coverage under insurance policies issued by Nationwide to the employer of the decedent's parents. It is undisputed that Sarah Schaefer was not employed by Edison and, accordingly, was not acting within the course and scope of employment when the accident occurred. Consequently, because Galatis overruledEzawa and limited Scott-Pontzer to claims of employees acting within the course and scope of employment, plaintiffs are not entitled to UM/UIM coverage under the Nationwide policies issued to Edison. Therefore, we conclude that the trial court properly granted summary judgment in favor of Nationwide.
 {¶ 14} Accordingly, we overrule plaintiffs' second assignment of error.
 {¶ 15} By their third assignment of error, plaintiffs contend that Galatis was wrongly decided and should be overruled. Plaintiffs cite undue hardship as a reason for this court not to apply Galatis in this case. Specifically, plaintiffs assert that the Galatis court improperly applied the tri-fold stare decisis test it outlined when it overruled Ezawa and limitedScott-Pontzer.
 {¶ 16} Galatis is a decision of the Supreme Court of Ohio. "A court of appeals is bound by and must follow decisions of the Ohio Supreme Court, which are regarded as law unless and until reversed or overruled." Sherman v. Millhon (June 16, 1992), Franklin App. No. 92AP-89, citing both Battig v. Forshey
(1982), 7 Ohio App.3d 72, and Thacker v. Bd. of Trustees of OhioState Univ. (1971), 31 Ohio App.2d 17. This court cannot overrule the Galatis decision. Accordingly, plaintiffs' third assignment of error is overruled.
 {¶ 17} Having overruled plaintiffs' three assignments of error, we therefore affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt and Sadler, JJ., concur.