OPINION
{¶ 1} Appellant Shane C. Holdren appeals the decision of the Licking County Municipal Court denying his motion to expunge and seal the record of prior convictions. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 10, 1995, appellant was charged with one count of criminal trespass, occurring between July 1, 1993 and August 30, 1993; one count of theft, occurring on November 29, 1993; one count of criminal damaging, occurring on December 7, 1994; and one count of criminal trespass, occurring between July 1, 1993 and August 4, 1993. Appellant pled no contest to said misdemeanor charges on January 2, 1996, and was thereupon convicted and sentenced accordingly.
 {¶ 3} On January 27, 2003, appellant filed a motion for expungement of conviction and sealing of the record. The trial court conducted a hearing on February 19, 2003. The trial court denied the motion, finding appellant was not a first-time offender under R.C. 2953.31.
 {¶ 4} Appellant filed a notice of appeal on March 20, 2003, and herein raises the following sole Assignment of Error:
 {¶ 5} "I. The trial court erred and/or abused its discretion in denying appellant's motion to expunge conviction/seal the record."
 I. {¶ 6} In his sole Assignment of Error, appellant challenges the trial court's denial of his motion to expunge the 1993 and 1994 convictions and seal the record.
 {¶ 7} The expungement procedure in Ohio is a statutory post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having the record of their first conviction sealed, should the court in its discretion so decide. Expungement is a matter of privilege, not of right. See State v. Thomas
(1979), 64 Ohio App.2d 141, 145.
 {¶ 8} R.C. 2953.32 governs expungement and the sealing of a record of conviction. It provides in pertinent part as follows:
 {¶ 9} "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor."
 {¶ 10} As a general rule, a trial court's decision to deny expungement will not be disturbed on appeal absent a showing of abuse of discretion. State v. Muller (Nov. 6, 2000), Knox App. No. 99CA18. However, the determination of "first offender" status is a question of law which is subject to independent review by an appellate court, without deference to the decision of the lower court. State v. Krantz, Cuyahoga App. No. 82439, 2003-Ohio-4568, at ¶ 9, citing State v. McGinnis
(1993), 90 Ohio App.3d 479, 481; State v. Aggarwal (1986),31 Ohio App.3d 32.
 {¶ 11} R.C. 2953.31 provides the following definition of "first offender:"
 {¶ 12} "(A) `First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction."
 {¶ 13} In the case sub judice, the trial court stated as follows at the expungement hearing:
 {¶ 14} "THE COURT: Well, Mr. Stokes, how can I expunge those? I mean, I have a pretty liberal policy of expungement but these could seem to fly in the face of the statute. And I don't know. As I say, maybe I was incorrect to, to accuse the law directors of ineptitude, but for instance, one of these complaints says November 29, 1993. That's a theft case. Another says December 7, 1994. That's a criminal damaging case. Another says between July 1 and August 4th of '93. That's a trespass charge. And the next one is, well, the next one has a different date, July 1 and August 30th of '93. So if all these happened on the same date, if they were all part of the same occurrence, then if he has five complaints, or five convictions, if they're all part of the same occurrence, same incident, then I can expunge the record. But since these are of different dates I cannot." Tr. at 6.
 {¶ 15} An applicant's status as a first offender is a prerequisite to the trial court's jurisdiction over an application to seal records.Krantz, supra, at ¶ 23, citing State v. Saltzer (1985),20 Ohio App.3d 277, 278. Here, as the trial court noted, the dates of appellant's crimes were clearly outside of the three-month parameter required for appellant to demonstrate "one conviction" in order to be found a first-time offender. As such, even though the separate crimes were originally captioned under one trial court case number, we find no merit in appellant's contention that the court erred or abused its discretion in denying his expungement motion.
 {¶ 16} Appellant's sole Assignment of Error is overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Licking County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Edwards, J., concurs.