BECKI et al., Appellees,

v.

FRESH MARK, INC.; Travelers Indemnity Company of Illinois, Appellant.

[Cite as *Becki v. Fresh Mark, Inc.*, 160 Ohio App.3d 109, 2005-Ohio-1356.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 03 CO 66.

Decided March 11, 2005.

Robert W. Kerpsack, for Sherry L. Becki.

Weston, Hurd, Fallon, Paisley & Howley, L.L.P., Daniel A. Richards, and John G. Farnan, for Travelers Indemnity Company of Illinois.

Buckingham, Doolittle & Burroughs, L.L.P., and Paul J. Pusateri, for Aultcare.

---

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-appellant Travelers Indemnity Company of Illinois appeals the decisions of the Columbiana County Court of Common Pleas that granted summary judgment in favor of plaintiffs-appellees, Sherry and Bartholomew Becki. The Beckis' claims against Travelers are based on *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, which was recently limited by the Ohio Supreme Court in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, and *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142, which *Galatis* overruled. Because the court's decision in *Galatis* excludes the Beckis from coverage, the trial court's decision is reversed and judgment is entered for Travelers.

## Facts

{¶ 2} Sherry Becki was injured in an automobile accident caused by the alleged negligence of an uninsured motorist. At the time of the accident, Sherry's husband, Bartholomew, was employed by Fresh Mark, Inc., which had a commercial automobile liability policy and a commercial general-liability policy through Travelers. The Beckis brought suit against a variety of defendants, including Travelers, for uninsured-motorist benefits. The Beckis' claims against Travelers were based on *Scott–Pontzer* and *Ezawa*.

{¶ 3} The parties filed cross-motions for summary judgment, and on October 30, 2003, the trial court granted summary judgment to the Beckis. One week

later, the Ohio Supreme Court issued its decision in *Galatis*. Travelers timely appeals the trial court's decision.

### Westfield v. Galatis

{¶ 4} As Travelers points out, the Beckis' claims for underinsured-motorist benefits are based on the Ohio Supreme Court's decision in *Scott–Pontzer* and *Ezawa*. In *Scott–Pontzer*, the court held that a person can recover underinsured-motorist benefits from her employer's automobile insurance carrier if the employer is the named insured and a corporation and the commercial automobile liability policy defines an insured as "you." The court held that the "you" in the insurance policy was ambiguous, so it read the insurance policy against the insurance company and held that a corporation's employees are insureds under these types of insurance policies. Id., 85 Ohio St.3d at 664, 710 N.E.2d 1116. *Ezawa*, 86 Ohio St.3d 557, 715 N.E.2d 1142, extended this rationale to an employee's family members.

{¶ 5} The Ohio Supreme Court recently limited the application of *Scott–Pontzer* and overruled *Ezawa* in *Galatis*. *Galatis* at paragraphs two and three of the syllabus.

{¶ 6} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (*King v. Nationwide Ins. Co.* [1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied; *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* [1999], 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)

{¶ 7} "Where a policy of insurance designates a corporation as a named insured, the designation of 'family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (*Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* [1999], 86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)" *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraphs two and three of syllabus.

{¶ 8} The Beckis argue that the Ohio Supreme Court's decision in *Galatis* should not apply to their claim for a variety of reasons. This court·rejected the same arguments in *Parks v. Rice*, 157 Ohio App.3d 190, 2004-Ohio-2477, 809 N.E.2d 1192. To sum up those conclusions, we cannot question the validity of the Ohio Supreme Court's decision since we are bound to follow its decision. Furthermore, *Galatis* must be applied retrospectively because (1) we generally apply court decisions retrospectively, (2) there is no reason not to in this case, and (3) the Ohio Supreme Court has applied *Galatis* retrospectively.

{¶ 9} Under *Galatis,* an employee's family members no longer qualify as insureds under the employer's commercial liability policies unless the policies specifically state differently. The policies in this case do not specifically extend coverage to Sherry Becki as a Fresh Mark employee family member. Thus, she is not an insured under Travelers policies with Fresh Mark.

{¶ 10} *Galatis* also states that an employee is not an "insured" for the purposes of uninsured/underinsured-motorist coverage if the employee is not within the course and scope of her employment when she is injured, unless the policy contains specific language to the contrary. In this case, the injury occurred to Sherry, not Bartholomew. Accordingly, the injury did not occur in the course and scope of Bartholomew's employment, and he does not qualify as an insured under the policies.

{¶ 11} Because neither of the Beckis are insureds under the terms of Travelers' policies with Fresh Mark, the trial court's decision granting summary judgment to them must be reversed. Accordingly, the judgment of the trial court is reversed and judgment is granted to Travelers.

*Judgment reversed.*

GENE DONOFRIO, P.J., and VUKOVICH, J., concur.