OPINION
{¶ 1} In this consolidated appeal, defendants-appellants, Westfield Mutual Insurance Company ("Westfield"), Farmland Mutual Insurance Company ("Farmland"), and Ohio Hospital Insurance Company ("OHIC") appeal from judgments of the Franklin County Court of Common Pleas. For the following reasons, we reverse the trial court's judgments.
 {¶ 2} On January 10, 1999, Mandy Shoup ("Shoup"), a passenger in a vehicle that was owned and driven by Robert Hall, sustained fatal injuries arising from an automobile accident in Indiana. At the time of the accident, Shoup was married, lived with her husband and son in Wapakoneta, Ohio, and was employed as a teacher and band director by New Knoxville Local Schools. When the accident occurred, Shoup was not acting within the scope or course of her employment. New Knoxville Local Schools was insured by Republic Franklin Insurance Company ("Republic Franklin") under a commercial package policy that included commercial general liability ("CGL") coverage and commercial auto coverage. Hall apparently was insured under an automobile policy that was issued by Motorist Insurance Company ("Motorist").
 {¶ 3} Several other insurers provided coverage to Shoup's relatives or their employers. In particular, OHIC insured Shoup's mother's employer under a CGL policy and an umbrella policy. Westfield insured Shoup's mother's employer under a ommercial auto policy and it also insured Shoup's brother's employer under a commercial insurance coverage policy. Farmland insured Shoup's father's employer through a policy issued to Auglaize Farmers Cooperative. Fireman's Fund insured the employer of Mandy Shoup's husband[1] under CGL coverage and auto coverage.
 {¶ 4} On January 10, 2001, in an amended complaint, Edward Burden, Shoup's father, and Kathleen Burden, Shoup's mother, individually and in their capacity as co-administrators of Mandy Shoup's estate, Daniel Burden, Edward Burden, Jr., and other relatives of Mandy Shoup[2]
(collectively "plaintiffs") sued Robert Hall,[3] OHIC, Farmland, Westfield, Republic Franklin, Fireman's Fund, and additional insurers,[4]
alleging survivorship and wrongful death claims, and underinsured motorist claims. The underinsured motorist claims were premised, in part, on Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, and Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541.
 {¶ 5} Farmland later asserted a counterclaim for declaratory judgment to determine, among other things, whether Shoup was an insured under a policy that provided coverage to her father's employer. Additionally, Fireman's Fund asserted a cross-claim against Robert Hall.
 {¶ 6} During the course of litigation, United Ohio Insurance Company ("United Ohio"), a defendant-insurer that insured two of the plaintiffs[5] through a homeowner's policy, moved for summary judgment, claiming that it was not required to offer uninsured/underinsured motorist coverage through the homeowner's policy. Republic Franklin and Fireman's Fund also moved for summary judgment. In addition, plaintiffs moved for summary judgment[6]
concerning their second cause of action, claiming that New Knoxville Local Schools' CGL policy through Republic Franklin afforded Shoup uninsured/underinsured motorist coverage and the CGL policy issued by Fireman's Fund to Shoup's husband's employer afforded uninsured/underinsured motorist coverage to Shoup.
 {¶ 7} On February 28, 2002, the trial court rendered a decision wherein: (1) it granted Fireman's Fund's motion for summary judgment; and (2) it denied plaintiffs' summary judgment motion concerning the CGL and auto insurance policies issued by Fireman's Fund. That same day, the trial court also rendered a decision wherein: (1) it granted Republic Franklin's motion for summary judgment; and (2) it denied plaintiffs' summary judgment motion concerning the CGL and auto insurance policies issued by Republic Franklin. Later, the trial court granted United Ohio's motion for summary judgment.
 {¶ 8} Thereafter, plaintiffs moved the trial court to reconsider its denial of their motion for summary judgment and its decision in favor of Fireman's Fund. Plaintiffs also sought a declaration that there was no just reason for delay regarding its decisions concerning Fireman's Fund and Republic Franklin.
 {¶ 9} Upon reconsideration, the trial court: (1) upheld its decision of February 28, 2002, concerning the auto policy issued by Fireman's Fund, and (2) found no just cause for delay concerning the decisions in favor of Fireman's Fund, Republic Franklin, and United Ohio.
 {¶ 10} Thereafter, plaintiffs appealed from the trial court's decisions that granted summary judgment in favor of Fireman's Fund, Republic Franklin, and United Ohio. In Burden v. Hall, Franklin App. No. 02AP-617, 2003-Ohio-1330 ("Burden I"), this court affirmed the trial court after Republic Franklin and Fireman's Fund were dismissed during the pendency of the appeal.
 {¶ 11} Farmland, OHIC, and Westfield separately moved for summary judgment, claiming that their policies did not afford any coverage to plaintiffs. Grange Mutual Casualty Company ("Grange"), a defendant-insurer that insured two of the plaintiffs[7] through a homeowner's policy, also moved for summary judgment; this motion was later granted by the trial court.
 {¶ 12} On October 23, 2003, in separate decisions that were not entered in the trial court's docket, the trial court denied Westfield's, Farmland's, and OHIC's motions for summary judgment, relying in part onScott-Pontzer.
 {¶ 13} Shortly after the trial court's decisions, on November 5, 2003, the Supreme Court of Ohio issued Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, reconsideration denied,100 Ohio St.3d 1548, 2003-Ohio-6789, which limited Scott-Pontzer. Id. at paragraph two of the syllabus.
 {¶ 14} Thereafter, on November 19, 2003, pursuant to Civ.R. 60(B), Westfield moved for relief from judgment wherein it relied upon Galatis
in support of its motion. Two days later, on November 21, 2003, OHIC and Farmland appealed from the trial court's denials of their motions for summary judgment. Five days later, on November 26, 2003, Westfield appealed from the trial court's denial of its motion for summary judgment.
 {¶ 15} On December 16, 2003, by journal entry this court sua sponte dismissed Westfield's, Farmland's, and OHIC's appeals because a final decision and entry had not been entered on the trial court's docket. This court further ordered the clerk of courts to re-docket Westfield's, Farmland's, and OHIC's notices of appeal after the trial court journalized final judgment.
 {¶ 16} Two days after this court's sua sponte dismissal of its appeal, relying upon Galatis, OHIC moved the trial court to reconsider its denial of OHIC's motion for summary judgment.
 {¶ 17} On January 7, 2004, the trial court issued decisions denying summary judgment to Westfield, Farmland, and OHIC. That same day, the trial court entered an order finding that there is no just cause for delay. See, generally, Civ.R. 54(B).
 {¶ 18} On January 14, 2004, in case Nos. 04AP-52, 04AP-53, and 04AP-54, Farmland's, OHIC's, and Westfield's notices of appeal were re-docketed. Because these three cases involved similar parties and issues, this court sua sponte consolidated the appeals.
 {¶ 19} In its appeal, Westfield assigns a single error for our review:
The trial court erred by granting summary judgment to plaintiffs/appellees based upon its determination that a right of recovery existed under Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am.
(1999), 86 Ohio St.3d 557. During the pendency of this action, the Supreme Court decided Westfield Ins. Co. v. Galatis, et al. (2003),100 Ohio St.3d 216, which controls the instant case and compels the opposite result.
 {¶ 20} In its appeal, OHIC assigns three errors for our consideration:
1. The trial court erred in determining that Appellee Kathleen Burden is an insured entitled to recover uninsured/underinsured motorist benefits under the OHIC Umbrella Policy.
2. The trial court erred in determining that Appellee Kathleen Burden is an insured entitled to recover uninsured/underinsured motorist benefits under the OHIC CGL policy.
3. The trial court erred in determining that the OHIC CGL policy constituted an "automobile liability or motor vehicle policy of insurance" as defined by former R.C. 3937.18.
 {¶ 21} In its appeal, Farmland assigns a single error for our consideration:
The trial court erred in determining that Plaintiff-Appellee Edward Burden is an insured under the Farmland CommercialGard policy issued to Auglaize Farmers Cooperative, Inc.
 {¶ 22} Plaintiffs respond to Westfield's, OHIC's, and Farmland's assignments of error by arguing: (1) defendants waived their Galatis
arguments because they failed to raise them in the trial court; and (2)Galatis should be limited to purely prospective operation.
 {¶ 23} Appellate review of a lower court's granting of summary judgment is de novo. Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. "`De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" Id., quoting Brewer v. ClevelandCity Schools (1997), 122 Ohio App.3d 378, citing Dupler v. MansfieldJournal Co., Inc. (1980), 64 Ohio St.2d 116, 119-120, certiorari denied (1981), 452 U.S. 962, 101 S.Ct. 3111.
 {¶ 24} Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183.
 {¶ 25} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 26} In paragraphs two and three of the Galatis syllabus, the Supreme Court of Ohio applied King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, limited Scott-Pontzer, and overruled Ezawa v. YasudaFire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557. The Galatis
court held at paragraphs two and three of the syllabus:
2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment.
3. Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured.
 {¶ 27} Here, Westfield insured Shoup's mother's employer, Wilson Memorial Hospital, under a commercial auto policy. Westfield also insured Shoup's brother's employer, Lot Ridge Rubber Company, under a commercial insurance coverage policy.
 {¶ 28} However, Shoup's death was unrelated to her mother's employment at Wilson Memorial Hospital, and it was unrelated to her brother's employment at Lot Ridge Rubber Company. Furthermore, Shoup was not an employee of either Wilson Memorial Hospital or Lot Ridge Rubber Company. Neither was Shoup's mother nor her brother named insureds under the Westfield policies at issue.
 {¶ 29} Therefore, applying Galatis, we find the Westfield policies at issue do not provide coverage to plaintiffs. See Galatis, at syllabus.{¶ 30} Plaintiffs contend, however, that Galatis should be limited to purely prospective operation.
 {¶ 31} The Supreme Court of Ohio has stated: "The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." Peerless Elec.Co. v. Bowers (1955), 164 Ohio St. 209, 210, appeal dismissed sub nom VanHuffel Tube Corp. v. Bowers (1956), 352 U.S. 804, 77 S.Ct. 30. "The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision." Id.
 {¶ 32} This court has observed that such "`exception has not been recognized * * * in insurance cases where the parties are relying upon R.C. 3937.18.'" Adams v. Osterman, Franklin App. No. 03AP-547, 2004-Ohio-1412, at ¶ 10, quoting Finneran v. Bestor (Nov. 2, 1995), Cuyahoga App. No. 68774.
 {¶ 33} Furthermore, the Supreme Court of Ohio, this court, and other Ohio appellate courts previously have applied Galatis retrospectively.Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, at ¶ 18, citing Inre Uninsured Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888 (observing that the Supreme Court of Ohio had appliedGalatis to all pending cases in which a party had asserted aScott-Pontzer cause of action but had not sustained injury while acting within the course and scope of employment at the time of the accident);Adams, at ¶ 9 (observing that in Morrison v. Emerson [2003],100 Ohio St.3d 302, 307, the Supreme Court retrospectively appliedGalatis); Burt v. Harris, Franklin App. No. 03AP-194, 2004-Ohio-756, at ¶ 34; Becki v. Fresh Mark, Inc., Columbiana App. No. 03 CO 66,2005-Ohio-1356; Gooden v. Natl. Union Fire Ins. Co., Union App. No. 2004CA00011, 2004-Ohio-5569, at ¶ 19, appeal not allowed (2005),105 Ohio St.3d 1453, 2005-Ohio-763; Farley v. Chamberlain, Washington App. No. 03CA48, 2004-Ohio-2771, at ¶ 10; Jordan v. Armsway TankTransport, Inc., Darke App. No. 1621, 2004-Ohio-261, at ¶ 15.
 {¶ 34} Plaintiffs' contention that Galatis should be limited to purely prospective operation is therefore not persuasive.
 {¶ 35} Furthermore, following the trial court's decision, Westfield raised an argument based upon Galatis in a Civ.R. 60(B) motion. Therefore, plaintiffs' contention that Westfield waived its Galatis
argument because it failed to raise it in the trial court is also unconvincing.
 {¶ 36} Accordingly, for the foregoing reasons, we sustain Westfield's sole assignment of error.
 {¶ 37} OHIC asserts three errors for our consideration: (1) the trial court erred when it found Kathleen Burden was an insured who was entitled to recover uninsured/underinsured motorist coverage under the OHIC umbrella policy; (2) the trial court erred when it found Kathleen Burden was an insured who was entitled to recover uninsured/underinsured motorist coverage under the OHIC CGL policy; and (3) the trial court erred when it found that the OHIC CGL policy constituted an "automobile liability or motor vehicle policy of insurance" under former R.C. 3937.18.
 {¶ 38} Here, Shoup's death was unrelated to her mother's employment at Wilson Memorial Hospital. Furthermore, Shoup was not an employee of Wilson Memorial Hospital. Neither was Shoup's mother a named insured under the OHIC policies at issue here.
 {¶ 39} Even assuming arguendo that the umbrella policy and CGL policy that were issued to Kathleen Burden's employer by OHIC provided uninsured/underinsured motorist coverage, construing Galatis, we find the trial court erred when it concluded that Kathleen Burden was an insured who was entitled to coverage under the umbrella policy and CGL policies.
 {¶ 40} Furthermore, for the reasons discussed supra, plaintiffs' contention that Galatis should be limited to purely prospective operation is not persuasive.
 {¶ 41} Plaintiffs' contention that OHIC waived its Galatis argument because it failed to raise it in the trial court is also unimpressive. Here, two days after this court's sua sponte dismissal of its appeal for lack of a final appealable order, OHIC moved the trial court to reconsider its denial of OHIC's motion for summary judgment wherein it raised Galatis as controlling authority. Plaintiffs' contention of waiver is therefore unconvincing.
 {¶ 42} Accordingly, OHIC's first and second assignments of error are sustained.
 {¶ 43} Having concluded that under the facts of this case Kathleen Burden was not an insured, we find OHIC's third assignment of error is moot. See Scott-Pontzer, at 662 (observing that "[i]f we find Pontzer was not an insured under the policies, then our inquiry is at an end"). Therefore, we do not address OHIC's third assignment of error here.
 {¶ 44} In its sole assignment of error, Farmland asserts that the trial court erred when it found that Edward Burden was an insured under the CommercialGard policy issued by Farmland to Auglaize Farmers Cooperative, Inc.
 {¶ 45} In this case, Shoup's death was unrelated to her father's employment at Auglaize Provico Company that was insured under a policy issued to Auglaize Farmers Cooperative by Farmland. Furthermore, Shoup was not an employee of Auglaize Provico Company. Neither was Shoup's father a named insured under the policy at issue.
 {¶ 46} Therefore, construing Galatis, we find the trial court erred when it found that Edward Burden was entitled to coverage under the Farmland policy that was issued to Auglaize Farmers Cooperative.
 {¶ 47} Plaintiffs contend that Farmland waived its Galatis argument because it failed to timely raise it in the trial court. Inasmuch as the Supreme Court of Ohio issued Galatis after the trial court's decision and Farmland raised Galatis on appeal, we do not find that Farmland failed to timely preserve this issue. Furthermore, as discussed supra, plaintiffs' contention that Galatis should be prospectively applied has already been found lacking.
 {¶ 48} Farmland's sole assignment of error is therefore sustained.
 {¶ 49} Accordingly, Westfield's sole assignment of error, OHIC's first and second assignments of error, and Farmland's sole assignment of error are sustained, and OHIC's third assignment of error is moot. We therefore reverse the judgments of the Franklin County Court of Common Pleas and remand this cause to that court for further proceedings, in accordance with law, and consistent with this opinion.
Judgments reversed, and cause remanded.
Klatt and Sadler, JJ., concur.
[1] On or about October 21, 1999, Shane Shoup, Mandy Shoup's husband, died apparently from causes unrelated to Mandy Shoup's accident. (Amended Complaint, at paragraph 4.)
[2] The additional plaintiffs are: Debra Ulrey, Ann Billings, Maurice and Florence Fuerst, and Sharon M. Shoup, in her capacity as administrator of the estate of Shane Shoup.
[3] After plaintiffs' claims against Hall were settled, plaintiffs dismissed with prejudice Hall as a party-defendant.
[4] These additional insurers are: Meridian Mutual Insurance Company ("Meridian"), The Cincinnati Insurance Company ("Cincinnati Insurance"), Farmers Insurance of Columbus, Inc. ("Farmers"), Geico General Insurance Company ("Geico"), Citizens Insurance Company of America ("Citizens Insurance"), Grange Mutual Casualty Company ("Grange"), United Ohio Insurance Company ("United Ohio"), and multiple John Doe Insurance Companies.
During litigation, pursuant to Civ.R. 41, plaintiff Ann Billings dismissed without prejudice her claim against Citizens Insurance. Pursuant to Civ.R. 41, plaintiffs dismissed without prejudice Meridian and Cincinnati Insurance.
[5] Maurice and Florence Fuerst were insured under United Ohio's homeowner policy.
[6] Plaintiffs denominated their filing as a motion for summary judgment. However, because plaintiffs' motion only concerned the complaint's second cause of action related to two defendants, this filing more properly was a motion for partial summary judgment.
[7] Plaintiffs Frank and Debra Ulrey were insured under a homeowner's policy that was issued by Grange. Grange also purportedly insured Debra Ulrey under an automobile policy; however, Grange's motion for summary judgment only concerned the homeowner's policy.