OPINION
{¶ 1} This is an appeal by plaintiff-appellant, David M. Williams, from a summary judgment rendered by the Franklin County Municipal Court in favor of defendant-appellee, Christopher W. Blank, M.D.
 {¶ 2} On January 6, 2004, appellant filed a complaint against appellee in the Small Claims Division of the Franklin County Municipal Court. The case was subsequently transferred to the General Division of the court.
 {¶ 3} On July 20, 2004, appellant filed an amended complaint. Appellant's complaint set forth the following allegations. Appellant, an employee of ATT, began time off from work under a 60-day medical disability effective in August 2002.
 {¶ 4} Metropolitan Life Insurance Company ("Metropolitan Life"), a firm retained by ATT to handle all of its disability claims, required appellant to seek a psychiatric evaluation and care from a pre-approved list of psychiatrists to assess his condition and to validate his disability to remain eligible for paid leave from work. Appellant secured the professional care of appellee for the period beginning September 5, 2002, through January 6, 2003. Appellee provided a medical leave order to appellant and confirmed his medical opinion to Metropolitan Life, thereby extending appellant's disability through November 25, 2002.
 {¶ 5} On November 11, 2002, appellee provided appellant a new medical leave order with a return-to-work date of January 6, 2003. As a result of the professional advice given by appellee, appellant remained off work on disability from the end of November until the prescribed return-to-work date of January 6, 2003.
 {¶ 6} Appellant was contacted by Metropolitan Life's disability office in December 2002, inquiring as to why appellant's physician had not provided any validation for the disability. On multiple occasions, appellant attempted to reach appellee via telephone regarding the validation of the leave of absence, but no calls were returned. At appellant's last visit to appellee's office on January 3, 2003, appellee offered an apology, but would not support his prior documented time off work order for appellant.
 {¶ 7} The complaint alleged that, as a result of appellee's "negligence in supporting his written medical prescription," Metropolitan Life did not approve appellant's disability claim, and, therefore, his request for time off with pay for the period beginning November 26, 2002 through January 5, 2003 was denied. In addition to alleging lost wages, appellant claimed he suffered undue stress from questions he received at work regarding his reason for not returning to work in November 2002.
 {¶ 8} On September 30, 2004, appellee filed a motion for summary judgment. Attached to the motion was the affidavit of appellee. On October 12, 2004, appellant filed a memorandum in opposition to appellee's motion for summary judgment. By judgment entry filed on December 8, 2004, the trial court granted appellee's motion for summary judgment.
 {¶ 9} On appeal, appellant sets forth the following three assignments of error for review:
I. First assignment of error
The trial court erred in granting summary judgment for the defendant.
II. Second assignment of error
The trial court erred in finding that there was no genuine issue of material fact.
III. Third assignment of error
The trial court erred in suggesting that an expert medical witness is needed to create a question of material fact.
 {¶ 10} Appellant's assignments of error are interrelated and will be considered together. The basic issue raised on appeal is whether the trial court erred in granting summary judgment in favor of appellee.
 {¶ 11} This court reviews de novo a trial court's granting of summary judgment. Burden v. Hall, Franklin App. No. 04AP-52, 2005-Ohio-2799, at ¶ 23. Pursuant to Civ.R. 56, in order to obtain summary judgment, a movant must demonstrate: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, such party being entitled to have the evidence construed most strongly in his or her favor. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370.
 {¶ 12} The Ohio Supreme Court has held that a party seeking summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. If the moving party satisfies its initial burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.
 {¶ 13} In the present case, as noted above, appellant alleged in his complaint that he remained off work based upon the professional advice of appellee; further, as a result of appellee's negligence in failing to validate his written prescription, appellant lost wages for the time he was off work.
 {¶ 14} In response to the allegations in the complaint, appellee filed a motion for summary judgment. Attached to the motion was the affidavit of appellee, in which he averred that he was familiar with the psychiatric care and treatment that he provided to appellant, including "communicating to [appellant] and his disability insurer (Metropolitan Life Insurance Company) regarding [appellant's] mental health status as it related to whether or not he was disabled from working and/or eligible to receive disability insurance benefits from Metropolitan Life." Appellee averred that, based upon his professional opinion, all of the psychiatric care and treatment he provided was in compliance with applicable standards of care for a psychiatrist, and that such care and treatment did not proximately cause any injury or damage to appellant.
 {¶ 15} Appellant has asserted on appeal that the trial court erred by "suggesting" that an expert medical witness was necessary to create an issue of fact. However, while appellant filed a memorandum in response to appellee's motion for summary judgment, appellant failed to submit any supporting documents as contemplated by Civ.R. 53(E). Appellant's failure to come forward with any evidentiary materials (whether expert or non-expert in nature) left only the allegations of his complaint to stand against the sworn affidavit of appellee. As noted above, where a motion for summary judgment is properly made and supported, the non-moving party may not rest upon the pleadings, but, instead, must produce evidence showing there is a genuine issue for trial.Dresher, at 293. In light of the record, appellant has failed to offer any evidence to create a genuine issue of material fact as to whether appellee was negligent in the manner he communicated to appellant or his disability insurer. See SigmaCorp. of America v. Paridon (July 8, 1992), Wayne App. No. 2711 (with defendant's affidavit asserting he was not negligent, and plaintiff's failure to respond with more than the pleading, no issue of material fact remained in dispute, and the trial court properly granted summary judgment in defendant's favor).
 {¶ 16} Accordingly, we conclude that the trial court properly found that appellee was entitled to summary judgment, and appellant's three assignments of error are overruled.
 {¶ 17} Based upon the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
French and McGrath, JJ., concur.